ST. LOUIS CAR CO. v. J. G. BRILL CO. et al.

(District Court, E. D. Pennsylvania. May 11, 1918.)

No. 1741.

EQUITY ⟨⟩262—PLEADING—FURTHER AND BETTER STATEMENT OF CLAIM.

> Where a bill, based on written instruments to which defendants were parties, set forth the execution and import of the writings, that was a sufficient statement of the ultimate facts, within equity rule 25 (198 Fed. xxv, 115 C. C. A. xxv), and defendants, though entitled to know the contents of the instruments, could not compel plaintiff to set forth copies of such writings, by motion for a further and better statement of the claim, without averring ignorance thereof as a basis for the motion.

In Equity. Suit by the St. Louis Car Company against the J. G. Brill Company and Henry K. S. Williams, trustee. Sur motion for a further and better statement of the nature of plaintiff's claim. Motion dismissed, with leave to defendants to renew it upon ground shown.

Frank C. Curtis, of Troy, N. Y., for plaintiff.

Chas. Biddle, of Philadelphia, Pa., and Joseph L. Levy, of New York City, for defendants.

DICKINSON, District Judge. This motion is based upon rule 20 of the Equity Rules (198 Fed. xxiv, 115 C. C. A. xxiv). The complaint of deficiency in the bill is too lengthy for quotation, and does not readily lend itself to condensation. The story which the plaintiff has ready for recital at the trial of the cause is clearly enough indicated.

The plaintiff claims to be the owner of letters patent, issued and reissued. The validity of some · of the claims of the reissued patent has been adjudged, and of others judicially denied. Disclaimer of some of the claims has been made. The J. Brill Company, one of the defendants, is averred to have been a real party to this litiga-

tion, and to be concluded by the decree made. The letters patent were assigned to Henry K. S. Williams, the other defendant, as trustee, in accordance with an agreement entered into between the plaintiff and the Brill Company. By the terms of this agreement the Brill Company were given the right to manufacture convertible or semi-convertible cars, which were the subject-matter of the patent, upon the payment of royalties to the trustee, certain payments out of which were to be made by the trustee to the plaintiff. The license granted the Brill Company was revocable after 60 days' default in the payment of royalties and demand made. The Brill Company manufactured under this license. Some royalties were paid, but the Brill Company made cars without the warrant of a license, and made default in the payment of royalties for cars made under the license. Later they refused to pay royalties. The plaintiff then gave notice of the revocation of this license.

The claim of the plaintiff and the general purposes of the bill are set forth in what may be characterized as its preamble. The parties are the plaintiff and the Brill Company and Williams, as trustee. Injunctions, preliminary and perpetual, against infringement of the patent, are prayed. An accounting for profits, and a decree of judgment for profits and for damages against the Brill Company, is sought. A decree awarding judgment for royalties due is also asked to be entered. There is a prayer for the annulment of the license, and relief is further asked against the trustee, in that he may be decreed to account for the moneys received by him belonging to the plaintiff.

Judged by the principles of general chancery practice, this bill is undoubtedly open to attack on many grounds, and even since the present equity rules went into effect may be still open to attack. The discussion covered by the brief submitted by counsel for plaintiff has taken a very wide range. The argument is too lengthy and too elaborate to be indicated even in a summary. We dispose of the greater part of it by the comment that it is an anticipation of a possible answer to the bill. When such answer is presented, the defenses suggested in the argument get into the case. At present we are concerned with the motion before us. We do not see any real difficulty with which the defendants are met in making answer. This may go to the facts averred, or to the legal merits of the bill.

The plaintiff relies, as part of its case, upon certain written papers. Rule 25 of our Equity Rules (198 Fed. xxv, 115 C. C. A. xxv) restricts the plaintiff to a statement of "the ultimate facts." These are the execution and import of the writings. Copies of them might have been set forth. Defendants have a right to know the contents of these papers. As they were parties to the papers, there is a fair presumption that they have such knowledge. If they have the papers, it is idle to require the plaintiff to set them forth. If they are in ignorance of them, an averment of this fact should be required to base the demand for a copy.

Rule 26 (198 Fed. xxv, 115 C. C. A. xxv) furnishes the answer to many of the criticisms made of this bill. Some of the suggested defenses may be found to be well based. We cannot rule on them on this

motion. Defendants, it seems to us, may admit or deny any one of the averments of this bill, or raise the question of its legal effect, without further information than what is given them by the bill itself. If they require more information than they have, as, for illustration, that they are without information or knowledge of the existence or contents of any of the papers referred to, let them so state. If they wish any of these papers for greater certainty to be spread upon the record by being made part of the pleadings, they may make them part of their answer. No real reason has been shown, for instance, that the averment of an assignment of letters patent should be accompanied by a copy of the instrument of assignment.

In dismissing the motion, leave is granted to defendants to renew it upon ground shown.

Motion dismissed, with leave, etc.